**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Daniel Rodriguez (K-76536), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22 C 4245 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| Rob Jeffreys, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff may proceed on his complaint [14]. The Court directs the Clerk to: (1) dismiss Defendants Jeffreys and Gomez; (2) change the caption to *Rodriguez v. Anastacio*; (3) issue summons for service of the complaint [14] on Defendant Anastacio; and (4) send Plaintiff a blank USM-285 service form, filing instructions, and a copy of this order. Plaintiff must complete and return a USM-285 form for service on Defendant Anastacio. Because Plaintiff is not proceeding *in forma pauperis*, he is not necessarily entitled to service at government expense. Fed. R. Civ. P. 4(c)(3). Plaintiff has not demonstrated that he cannot pay the required deposit to the U.S. Marshal. Therefore, Plaintiff must arrange for service of Defendant in accordance with this order. If Plaintiff elects to employ the services of the Marshal, he must return the USM-285 forms by October 21, 2022, and pay the required deposit when it is requested by the Marshal. Failure to effect service by the deadline set forth by Fed. R. Civ. P. 4(m) may result in dismissal of any unserved Defendant or this case. Plaintiff also must promptly submit a change-of-address notification if he is transferred to another facility or released. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal for failure to comply with a Court order and for failure to prosecute. Plaintiff's motion for attorney representation [4] is denied without prejudice.

**STATEMENT**

Plaintiff Danial Rodriguez, a state prisoner incarcerated at Menard Correctional Center, initiated this civil rights action *pro se* under 42 U.S.C. § 1983. Plaintiff's complaint is before the Court for review.

Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Here Plaintiff alleges the following. On December 21, 2020, Sergeant Anastacio sprayed pepper spray in Plaintiff's face and struck Plaintiff in the face. (Dkt. 14, pg. 8.) Sergeant Anastacio then refused to allow Plaintiff to receive medical treatment for his injuries. (*Id*.) That same day, Lieutenant John Doe and other John Doe staff members assaulted Plaintiff "on and off" while Plaintiff was handcuffed, causing severe injuries. (*Id*., pgs. 9-10.) Lieutenant John Doe and others left Plaintiff naked in a cell ignoring his pleas for medical attention for his injuries, including a disfigured face; a broken left ankle; injuries to his head, shoulders, back, arms, and knees; a bloody mouth; and broken teeth. (*Id*., pg. 9.) Later that same day, John Doe S.O.R.T. members ignored Plaintiff's pleas not to be placed in the "dog cage" because of the injuries he had suffered previously that day. (*Id*., pg. 11.) These John Doe Defendants ignored Plaintiff and forced him into the "dog cage" causing tremendous pain. (*Id*.) They also ignored his pleas for medical attention. (*Id*.) Plaintiff names Illinois Department of Corrections Director Rob Jeffreys, Stateville Warden Gomez, Sergeant Anastacio, and John Does as Defendants.

The Eighth Amendment prohibits "the 'unnecessary and wanton infliction of pain' on prisoners." *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (*quoting Hudson v. McMillian*, 503 U.S. 1, 5 156 (1992)). The Eighth Amendment also prohibits the "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Here, Plaintiff's allegations of excessive force and deliberate indifference to his medical needs for the resulting injuries warrant further investigation. Plaintiff may proceed on these two claims against Sergeant Anastacio.

However, Plaintiff has not stated a claim against Director Jeffreys or Warden Gomez. Neither the Director nor the Warden may be held liable unless they had some personal involvement in the alleged constitutional deprivation. *Consolino v. Towne*, 872 F.3d 825, 832 (7th Cir. 2017); *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). Prison officials may satisfy the personal responsibility requirement of section 1983 if the conduct causing the constitutional deprivation occurs at the official's direction or with his or her knowledge and consent. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614–15 (7th Cir. 2002) (to be held liable under section 1983, a supervisory official must have had personal involvement in the constitutional deprivation, essentially directing or consenting to the challenged conduct). Here, there are no allegations that either supervisory official was involved or even aware of the December 21, 2020, incident. Instead, Plaintiff appears to be attempting to impose liability based on subsequent grievances and a transfer. However, there are no factual allegations

supporting these possible claims. Accordingly, Director Jeffreys and Warden Gomez are dismissed without prejudice.

The Court further notes that summonses cannot issue on the John Doe Defendants. Plaintiff must name those Defendants in an amended complaint and serve them in accordance with Fed. R. Civ. P. 4 once he learns their identities. When counsel for Sergeant Anastacio enters an appearance, Plaintiff must send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the unknown Defendants. *See* Fed. R. Civ. P. 33. Plaintiff should then seek leave to file an amended complaint naming those unknown Defendants and explaining how they allegedly violated Plaintiff's rights. The amended complaint must stand complete on its own and include all claims and Defendants. Plaintiff should attempt to identify the unknown Defendants as soon as possible in light of the statute of limitations and applicable tolling rules. *See Bryant v. City of Chicago*, 746 F.3d 239 (7th Cir. 2014).

The Court directs the Clerk of Court to issue summons for service of the complaint on Defendant Anastacio. Because Plaintiff has paid the filing fee and is not proceeding *in forma pauperis*, he is not necessarily entitled to service at government expense, Fed. R. Civ. P. 4(c)(3), and he has not demonstrated that he is unable to pay the Marshal's deposit. Plaintiff has the following options in regard to service. He may: (1) attempt to obtain service waivers—*see* Fed. R. Civ. P. 4(d)—from the defendants via the mail); (2) recruit a family member or friend who is not in custody to make personal service (under Fed. R. Civ. P. 4(c)(2), "any person who is at least 18 years old and not a party" may serve a summons and complaint); (3) retain counsel, who can then effect service; (4) retain a private process server; or (5) engage the U.S. Marshal to serve the complaint and summons.

The Marshal is directed to send Plaintiff a request for payment of the deposit to effectuate service. Service costs generally range between $65.00 and $250.00 per location, and generally a $65.00 deposit is required. If Plaintiff elects to employ the services of the Marshal, he must pay the required deposit; the Marshal will not take further action until the deposit has been paid. A completed USM-285 form also is required for service on each Defendant. The Marshal will not attempt to serve Defendant unless and until the required forms are received. Plaintiff must therefore complete and return the service form, and failure to do so may result in dismissal of any unserved Defendant, as well as dismissal of this case in its entirety. Failure to effectuate service by the deadline set forth by Fed. R. Civ. P. 4(m) also may result in dismissal of this case.

Should Plaintiff engage the services of the Marshal, the Court directs the Marshal to make all reasonable efforts to serve Defendant. The Court authorizes the Marshal to send requests for waivers of service consistent with Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Plaintiff must include a certificate of service indicating the date on which Plaintiff gave the document to correctional authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification if he

is transferred to another facility or released. Failure to do so may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution.

Plaintiff's motion for attorney representation is denied without prejudice. "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court may request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In deciding whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to retain counsel on his own or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does the plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). The analysis does not focus solely on the plaintiff's ability to try the case but takes into consideration his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); (2) plaintiff's submissions to date, *Olson*, 750 F.3d at 712; (3) plaintiff's medical and mental health issues, *id.*; (4) whether plaintiff has been transferred to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013); (5) plaintiff's intelligence, literacy, education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; and (6) the complexity of the case, *id.* at 655-56.

After considering the above factors, the Court concludes that solicitation of counsel is not currently warranted; his motion is denied without prejudice. At this early stage, it is difficult to determine Plaintiff's abilities to litigate on his own. *Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019). Furthermore, Plaintiff must merely submit the USM-285 form at this time. Plaintiff's initial pleadings suggest he can perform this basic task, especially given the liberal construction afforded to submissions from *pro se* litigants.

Date:   9/21/22                                                                /s/ John J. Tharp, Jr.
                                                                                    John J. Tharp, Jr.
                                                                                    United States District Judge